NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE R&R INVESTORS (UPA PARTNERSHIP), CURTIS HOGENSON, DIANE LARSON, EILEEN M. BERGER, AND SHIRLEY J. ARVIDSON, PARTNERS,** *Petitioners.*

---

Miscellaneous Docket No. 947

---

On Petition for Writ of Mandamus to the United States Court of Federal Claims in case no. 03-CV-2264, Judge Susan G. Braden.

---

## ON PETITION

Before RADER, *Chief Judge*, FRIEDMAN and LINN, *Circuit Judges.*

FRIEDMAN, *Circuit Judge.*

## ORDER

R&R Investors, Curtis Hogenson, et al. (Hogenson) petition for a writ of mandamus directing the United States Court of Federal Claims to (1) vacate a stipulation of voluntary dismissal, (2) grant Hogenson's motion to vacate and for reconsideration, (3) rule on Hogenson's motion to substitute counsel, (4) rule on Hogenson's motion for leave to intervene, and (5) file Hogenson's

notice of appeal. A.F.T.E.R. Incorporated et al. (A.F.T.E.R.) and the United States each respond.

In the Court of Federal Claims, 116 property owners, including R&R, filed suit alleging Tucker Act claims. R&R is a partnership, and the petitioners are former partners who assert that they, not the current partners of R&R, are the owners of the Tucker Act claims. In May 2007, the parties entered into a settlement agreement covering the outstanding claims in this case. At R&R's request, the Court of Federal Claims suspended proceedings pending disposition of an interpleader action that was filed in Minnesota state court to determine issues of state partnership law and entitlement to the settlement proceeds. The Minnesota state district court ruled that the current partners are entitled to the proceeds, and the Minnesota Court of Appeals affirmed. *Faegre & Benson, LLP v. R&R Investors*, 772 N.W. 2d 846 (Minn. App. 2009). The United States and R&R filed a stipulation of dismissal and the Court of Federal Claims dismissed the complaint. Hogenson filed a motion to vacate and for reconsideration, which the Court of Federal Claims denied. Hogenson now petitions for a writ of mandamus to direct the Court of Federal Claims to vacate the stipulation of voluntary dismissal, grant Hogenson's motion to vacate and for reconsideration, rule on Hogenson's motion to substitute counsel, rule on Hogenson's motion for leave to intervene, and file Hogenson's notice of appeal.

The writ of mandamus is available in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmar, Inc.*, 854 F.2d 461, 464 (Fed. Cir. 1998). A party seeking a writ bears the burden of proving that it has no other means of obtaining the relief desired, *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable," *Allied*

*Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980). A court may deny mandamus relief "even though on normal appeal, a court might find reversible error." *In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985); *see also United States v. Watson*, 603 F.2d 192, 196-97 (C.C.P.A. 1979). ("the writ will not issue to cure the mere commission of reversible error").

Hogenson has not met the exacting standard required for mandamus relief. Hogenson has not shown, in the papers submitted to this court, that mandamus should issue regarding the Court of Federal Claims' dismissal of the complaint in view of the ruling by the Minnesota Court of Appeals that the Tucker Act claims became the property of the current partners of R&R. We note that the Court of Federal Claims has not yet ruled on Hogenson's motion for leave to intervene and to allow the filing of a notice of appeal, but we expect that it will do so now that we have denied the mandamus petition and no proceedings are pending before this court.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

JAN 19 2011
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc:  Erick G. Kaardal, Esq.
     Jeff H. Eckland, Esq.
     Judge, United States Court of Federal Claims
     Clerk, United States Court of Federal Claims

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

JAN 19 2011

JAN HORBALY
CLERK